889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eanos HUNT, Plaintiff-Appellant,
v.
Paul SMITH, Col.; Gary Livesay, Warden; Rex Lowe, Col.;
Cpl. Brock; Steve Norris, Commissioner; Cpt. Baker; Cpt.
McGraw; Cpt. Adkission; Donald Brock; Linda Dodson;
Donita Gothard, Defendants-Appellees.
 No. 89-5285.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1989.
 
 Before KENNEDY and RYAN, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff is an inmate at Southeast Tennessee State Regional Correctional Facility. He filed a civil rights action under 42 U.S.C. Sec. 1983 in which he contended that the named defendants, correctional officers, violated his civil rights by threatening and harassing plaintiff because of a previous prison grievance. The district court granted defendants' motion for summary judgment and this appeal followed. The parties have briefed the issues, plaintiff proceeding in his own behalf.
 
 
 3
 Upon consideration, we find that the district court's decision is supported by the record and law. The threatened denial of a federal right or other verbal harassment does not, standing alone, amount to a deprivation of a federally guaranteed right. Emmons v. McLaughlin, 874 F.2d 351, 353-54 (6th Cir.1989). Even if we assume arguendo that Tennessee created a federally cognizable right not to be verbally harassed by guards in retaliation for filing a grievance, plaintiff's complaint is meritless. He has failed to plead and prove the inadequacy of state remedies for the random, unauthorized deprivation of this right. This failure is fatal to his claim under the doctrine first enunciated in Parratt v. Taylor, 451 U.S. 527 (1981), as applied to liberty interests. See Wilson v. Beebe, 770 F.2d 578, 583-84 (6th Cir.1985) (en banc).
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.